UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHRIS WILLIAM WISE, | ) C/A No. 4:09-2417-HFF-TER |
| | ) |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| CHIEF MICHAEL SCHWARTZ, CORRECTIONAL OFFICER RODRIQUEZ; AND CAPTAIN WINEGLASS, | ) |
| | ) |
| Defendants. | ) |

## **I. PROCEDURAL BACKGROUND**

The Plaintiff, Chris Wise ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on September 15, 2009. Plaintiff alleges that his constitutional rights were violated by defendants. Defendants filed a motion for summary judgment on April 13, 2010. Because plaintiff is proceeding pro se, the court issued an Order on or about April 14, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the defendants' motion for summary judgment could result in the dismissal of his complaint. The Roseboro Order was returned to the Clerk of Court's office *via* United States Postal Service on April 22, 2010, marked "Return to Sender." (Doc. #30).

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with Orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff filed this complaint on September 15, 2009. An Order was entered on November 16, 2009, authorizing service of process, granting the motion for *in forma pauperis,* and instructing plaintiff that he must always keep the court informed in writing of his address or his case may be dismissed for violating said order. (Docs. #7).

This court entered a report and recommendation on November 16, 2009, and the District Judge entered an order adopting said report and recommendation dismissing a party defendant on December 8, 2009. Both the report and recommendation and order were returned to the Clerk of Court's office *via* United States Postal Service on November 17, 2009, and December 18, 2009. (Doc. # 13 and #23). The mail returned on December 18, 2009, was marked "Return to Sender" and

"no longer at this facility." (Doc. #23).  Plaintiff has not responded to defendants' motion for summary judgment or the court's Order requiring him to respond. As previously stated, the Roseboro Order was returned to the Clerk of Court's office *via* United States Postal Service as undeliverable. (Doc. #30). Plaintiff has not provided the court with an updated address. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) as to all defendants for failure to provide the court with his current address and responding to the motion for summary judgment.

## II.  CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice as to all defendants.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 21, 2010
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**